UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BLACKHAWK NETWORK, INC.,<br><br>Petitioner,<br><br>v.<br><br>COMPUTER SERVICES, INC., et al.,<br><br>Respondents. | Case No. 23-mc-80303-PHK<br><br>**ORDER TO SHOW CAUSE RE: JC STEEL TARGETS, INC.**<br><br>Show Cause Hearing Date: April 30, 2024<br>Show Cause Hearing Time: 2:00 p.m.<br>Show Cause Hearing Place: Courtroom F |

## **INTRODUCTION**

This is a miscellaneous action to compel arbitration. On November 14, 2023, Petitioner Blackhawk Network, Inc. ("Petitioner") commenced this action requesting that the Court issue an Order compelling Respondents Computer Services, Inc. ("CSI") and JC Steel Targets, Inc. ("JC Steel") to arbitrate certain claims filed by Petitioner before the American Arbitration Association ("AAA") in San Francisco, California on May 2, 2023. [Dkt. 1]. The issue before the Court and addressed by this Order to Show Cause is the status of JC Steel.

The petition identifies JC Steel as a defunct Washington corporation with its principal place of business in Spokane, Washington. *Id.* at ¶¶ 9, 16. The petition alleges that "JC Steel initially participated in the AAA Arbitration, but then voluntarily dissolved one day after the preliminary hearing and is now refusing to participate." *Id.* at ¶ 9. The petition alleges that JC Steel continues to operate, notwithstanding its dissolution, through "a new Washington corporation with a nearly identical name." *Id.* at ¶ 10. The "new" corporation through which JC Steel is alleged to now operate, Hall Ventures-JC Steel Targets Inc., is not named as a Party to this action.

On January 5, 2024, Petitioner filed an affidavit of service on behalf of JC Steel and CSI. [Dkt. 17]. The affidavit indicates that Petitioner's process server effected service of JC Steel as permitted by Rule 43 of the AAA Commercial Rules, first, by mailing copies of the petition, summons, and this Court's Standing Orders to JC Steel's last known address in Cheney, Washington, and alternatively, by emailing the petition and this Court's Standing Orders to JC Steel's owner, Jake Vibbert. *Id.* at ¶¶ 9-15.

One month after filing the affidavit of service, on February 5, 2024, Petitioner filed a motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4. [Dkt. 18]. On February 20, 2024, CSI filed a response in opposition to Petitioner's motion to compel, and on February 27, 2024, Petitioner filed a reply. [Dkts. 21, 25]. To date, JC has not responded to the motion to compel or otherwise appeared in this case.

**DISCUSSION**

Based on the record presented by Petitioner, it is unclear whether JC Steel has been properly served and thus has notice of this federal court action and the pending motion to compel arbitration. While Petitioner and CSI have both consented to Magistrate Judge jurisdiction in this case, as of the date of this Order to Show Cause, JC Steel has not submitted any filing indicating its consent (or declination) to Magistrate Judge jurisdiction.

Under 28 U.S.C. § 636(b), all parties named in a civil action (regardless of whether such parties have been served or entered appearances) must consent to Magistrate Judge jurisdiction for dispositive decisions. *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017). The pending motion to compel arbitration is a dispositive motion requiring the consent of all parties. *See, e.g.*, *Langell v. Ideal Homes LLC*, No. 16-cv-00821-HRL, 2016 WL 8711704, at *3 (N.D. Cal. Nov. 18, 2016). Accordingly, unless the Court obtains consent from JC Steel (or alternatively, Petitioner voluntarily dismisses JC Steel from this action under Fed. R. Civ. P. 41(a)(1)(A)(i)), the undersigned cannot issue an Order on the pending motion to compel arbitration, but instead, must issue a report and recommendation on the motion and refer the case to a district judge.

In light of the foregoing, Petitioner is hereby **ORDERED TO SHOW CAUSE** before this Court by filing a memorandum (no longer than five (5) pages in length) on or before **April 23,**

**2024** which addresses the following:

1. Whether and on what grounds JC Steel has been properly served in compliance with the requirements of the Federal Rules of Civil Procedure, and in particular, Federal Rule of Civil Procedure 4, and if not, whether this action should be dismissed for failure to effectuate service and failure to prosecute as to JC Steel.

2. The steps taken by Petitioner to communicate with JC Steel and the owner of JC Steel, Jake Vibbert, to inform both JC Steel and Vibbert about the pendency of this action, and to discuss sufficiency of service on JC Steel, whether JC Steel will consent or decline Magistrate Judge jurisdiction, the deadline for JC Steel to file the Court's required form for indicating either consent or declination to Magistrate Judge jurisdiction, and whether JC Steel plans to participate in this action substantively.

3. Whether Hall Ventures-JC Steel Targets, Inc. should be added as a named Party in the instant action, and the reasons why or why not, including whether Hall Ventures-JC Steel Targets, Inc. should be substituted for JC Steel, whether adding Hall Ventures-JC Steel Targets, Inc. will cause JC Steel to enter appearance, and the status of any communications with Hall Ventures-JC Steel Targets, Inc. regarding this matter (including issues relating to service on and consent/declination of Magistrate Judge jurisdiction by JC Steel).

The Court further **ORDERS** that Respondent CSI may file its own memorandum (maximum five (5) pages long) addressing its views on the issues above, on or before **April 26, 2024**.

The Court further **ORDERS** Petitioner to promptly serve a copy of this Order on JC Steel and to promptly send a copy of this Order to Jake Vibbert by email.

An in-person **SHOW CAUSE HEARING** is **SET** for **April 30, 2024 at 2:00 p.m.** in Courtroom F on the 15th floor of the San Francisco courthouse.

**IT IS SO ORDERED.**

Dated: March 26, 2024

_____
PETER H. KANG
United States Magistrate Judge

3